UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------------------X
KEVIN J. MEYERS,

                Plaintiff,

    -against-

COUNTY OF SUFFOLK, SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE, SUFFOLK COUNTY POLICE DEPARTMENT, ASSISTANT DISTRICT ATTORNEY MARY SKIBER and JOHN DOES 1-10 (DOE defendants representing unidentified members of the Suffolk County Police Department involved with the seizure, unlawful retention, and/or conversion of plaintiff's property),

                Defendants.
-------------------------------------------------------------------X

Civil Case No.: 2023-CV-8311

**COMPLAINT**

Jury Trial Demanded

Plaintiff, Kevin J. Meyers, by his attorney, RAYMOND NEGRON, ESQ., for his Complaint respectfully alleges as follows:

**PRELIMINARY STATEMENT**

1. This is a civil rights action for monetary damages and equitable relief brought under 42 U.S.C. §1983 against defendants for committing acts under color of law and depriving plaintiff of rights secured by the Second, Fourth, and Fourteenth Amendments of the United States Constitution.

**JURISDICTION**

2. This Court has jurisdiction of this action under 28 U.S.C. §§1331 and 1343 in that defendants' conduct violated rights guaranteed to plaintiff under the Second, Fourth, and Fourteenth

Amendments of the United States Constitution. This Court has supplemental jurisdiction over plaintiff's New York State law claims under 28 U.S.C. §1367.

3. Venue in this District is proper under 28 U.S.C. §1391(b), since plaintiff's claims arose in the Eastern District of New York and upon information and belief, all parties currently reside or maintain their offices for employment in Suffolk County, New York.

## PARTIES

4. At all times hereinafter mentioned, plaintiff KEVIN J. MEYERS ("Plaintiff") was a resident of Suffolk County, New York State.

5. At all times hereinafter mentioned, defendant the COUNTY OF SUFFOLK ("Suffolk") was and continues to be a duly constituted municipal corporation of the State of New York existing and operating under and by virtue of the laws of the State of New York with a principle place of business located at 100 Veterans Memorial Highway, Hauppauge, New York 11788. At all times hereinafter mentioned, this defendant was acting under the color of state law.

6. At all times hereinafter mentioned, defendant SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE ("SCDA") was and continues to be an agency of defendant COUNTY OF SUFFOLK and is headquartered at 725 Veterans Memorial Highway, Hauppauge, New York 11788. At all times relevant to this complaint, this defendant was acting under the color of state law.

7. At all times hereinafter mentioned, defendant SUFFOLK COUNTY POLICE DEPARTMENT ("SCPD") was and continues to be an agency of defendant, the COUNTY OF SUFFOLK, and is headquartered at 30 Yaphank Avenue, Yaphank, New York 11980. At all times relevant to this complaint, this defendant was acting under the color of state law.

8. Upon information and belief, at all times hereinafter mentioned, defendant MARY SKIBER ("Skiber") was and continues to be an Assistant District Attorney employed by defendant SCDA. At all times hereinafter mentioned, this defendant was acting under the color of state law. She is being sued in her individual and official capacity.

9. At all times hereinafter mentioned, defendants JOHN DOEs 1-10 ("Officers") are fictitious names representing unidentified employees of the Suffolk County Police Department involved in the seizure of plaintiff's property, and/or the unlawful retention of plaintiff's property, and/or the conversion or plaintiff's property. These defendants were and may continue to be law enforcement officers employed by defendant SCPD. At all times hereinafter mentioned, these defendants were acting under the color of state law. They are being sued in their individual and official capacities.

## FACTUAL ALLEGATIONS

10. Plaintiff is a life-long resident of Long Island, New York who has lived in Medford, Brookhaven Town, Suffolk County, New York State for the last three years, is single, and has four children.

11. On February 24, 2019, Plaintiff resided at 109 Parkdale Drive, North Babylon, Babylon Town, Suffolk County, New York State.

12. At all times relevant to this action Plaintiff legally owned and legally possessed at least eight (8) pistols, twelve (12) rifles, sixteen (16) magazines, and twelve thousand six hundred five (12,605) rounds of ammunition which he has regularly kept locked in three separate safes.

13. On or about February 24, 2019 Plaintiff's son, Jessie Meyers, lived with Plaintiff at 109 Parkdale Drive, North Babylon, New York.

3

14. On or about February 24, 2019 the SCPD obtained an arrest warrant for Jessie Meyers and executed same at his and Plaintiff's residence.

15. While at Plaintiff's residence, Officers asked Plaintiff if he (Plaintiff) owned any weapons to which Plaintiff replied yes and demonstrated that they were all locked in safes that Jessie Meyers did not have any access to.

16. When Officers inspected the contents of the safes, they alleged that one particular rifle, a Bushmaster .223 caliber model XM15-E2C ("Rifle") was subject to New York's recent adoption of a requirement to register certain weapons.

17. New York's "assault" rifle registration law had suffered years of litigation over its vagueness, Constitutionality, and bureaucratic ineffectiveness leaving open to interpretation which guns had to be registered and which did not.

18. SCPD arrested and charged Plaintiff with a felony and seized the Rifle.

19. The SCPD simultaneously seized all of Plaintiff's legally owned pistols, rifles, and magazines without any legal authority to do so.

20. Plaintiff registered his Rifle with New York State on February 28, 2019.

21. Rather than bare the cost of fighting the legality of the search and circumstances of the arrest, Plaintiff accepted the plea-deal the SCDA offered and plead guilty to one count of PL § 265.01 (01) (Criminal Possession of a Weapon, 4th Degree; Class A misdemeanor) on December 3, 2020 and was sentenced to three years probation.

22. Plaintiff served his probation ("interim" probation and then probation) from December 5, 2019 through his early release on May 3, 2022 (This is the only time period in Plaintiff's life since turning eighteen years old that he was not legally permitted to possess a firearm; it was a condition of his probation).

4

23. Plaintiff has made numerous attempts to retrieve his rifles, ammunition, and magazines from the possession of the SCPD without success.

24. SCPD Officers have consistently told Plaintiff that the SCDA and Skiber will not "release" his rifles, ammunition, and magazines.

25. Defendants have not informed Plaintiff of any procedure to retrieve his property.

26. Defendants are holding Plaintiff's property under the color of law.

27. Defendants have failed to properly train their employees on the subjects of the Second, Fourth, and Fourteenth Amendments of the United States Constitution.

28. Defendants' seizure of Plaintiff's property violated Plaintiff's due process rights since no mechanism existed for the return of his property and no hearing was afforded to him either before or after Defendants seized his property.

29. Defendants have instituted a procedure, which has become policy and practice, under which they unlawfully seize and retain legally possessed property and fail to provide a post-deprivation hearing, fail to formally notify the property owners of the reasons why Defendants are holding their property, or of the steps that can be taken to regain possession of their property.

30. Defendant SCPD has no written policy or procedure for the return of an individual's legal property.

31. Defendants SCPD and SCDA regularly do not to inform individuals about their rights to have property returned to them.

32. Defendants regularly condone the unconstitutional custom or practice of seizing and withholding firearms under the color of law.

33. Plaintiff's personal property has been wrongfully withheld, converted, and kept from

him by Defendants despite persistent and repeated requests for the return of the property and no legal authority to not return it.

34. The actions of Defendants caused plaintiff to suffer loss of use of property, emotional distress, mental anguish, shame, humiliation, indignity, damage to reputation, and caused him to incur monetary costs for attorney's fees.

### AS AND FOR A FIRST CAUSE OF ACTION
### 42 U.S.C. §1983 – Violation of Plaintiff's 14th Amendment Due Process Rights
### (As Against All Defendants)

35. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "34" above as if fully set forth herein.

36. An individual is afforded Due Process protection under the Fourteenth Amendment of the United States Constitution in regard to governmental seizure and retention of personal property.

37. Plaintiff's rifles, ammunition, and magazines more particularly described in **Exhibit A** annexed hereto, are property to which he is afforded Second and Fourth Amendment protection to posses and Fourteenth Amendment Due Process protection if the government wishes to take it away.

38. Defendants, acting under color of New York State law, have enacted a policy under which they routinely and wrongfully seize and retain private property, including firearms, ammunition, and magazines, without providing a mechanism under which the owner of the property can reclaim the property.

39. Pursuant to New York State law, there is no licensing requirement for the possession of rifles, ammunition, or magazines and Defendants' seizure of Plaintiff's property, when there is no

claim that such property are contraband *per se* or that they were used in a crime, without any notice or opportunity to be heard is a violation of Plaintiff's due process rights as guaranteed by the Fourteenth Amendment.

40. By failing to provide Plaintiff with any notice or an opportunity for a hearing, either prior to or subsequent to the seizure of Plaintiff's property, Defendants violated Plaintiff's rights as guaranteed by the Fourth and Fourteenth Amendment.

41. Defendants have further violated Plaintiff's Fourteenth Amendment due process rights by failing to have a procedure in place under which plaintiff could challenge this illegal conduct.

42. By requiring Plaintiff to take affirmative steps, including, *inter alia*, the preparation of formal legal pleadings, the payment of a filing fee, the hiring of an attorney, and the subsequent participation in all formal procedural devises of a court action, to challenge this unlawful seizure of Plaintiff's property, Defendants have acted unreasonably, unconstitutionally, and in violation of the Due Process Clause of the Fourteenth Amendment.

## AS AND FOR A SECOND CAUSE OF ACTION

### 42 U.S.C. §1983 – Violation of Plaintiff's 2nd and/or 4th Amendment Rights Against Unreasonable Search and Seizure
### (As Against All Defendants)

43. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "42" above as if fully set forth herein.

44. The Fourth Amendment to the United States Constitution protects individuals from unreasonable searches and seizures of their property by the government.

45. Defendants, acting under color of state law, unreasonably seized Plaintiff's rifles,

ammunition, and magazines in that Defendants had no lawful authority to do so and did not have Plaintiff's consent.

46. Defendants, acting under color of state law, unreasonably retained Plaintiff's rifles, ammunition, and magazines after he was released from probation in that Defendants had no lawful authority to do so and did not have Plaintiff's consent.

47. Accordingly, by retaining and refusing to return Plaintiff's rifles, ammunition, and magazines, Defendants have violated plaintiff's Constitutional right under the Second and/or Fourth Amendments which protects against unreasonable searches and seizures by the government.

## AS AND FOR A THIRD CAUSE OF ACTION

### 42 U.S.C. §1983 – *Monell* Claim
### (As Against All Defendants)

48. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "47" above as if fully set forth herein.

49. Defendants, by a pattern of neglect, malfeasance and nonfeasance have illegally, unnecessarily, wantonly and willfully caused Plaintiff's property to be unlawfully seized and retained without providing a mechanism under which plaintiff can reclaim his property.

50. It is the custom, policy and practice of Defendants to tolerate, condone and encourage Constitutional violations, such as those alleged by Plaintiff, by failing to discipline or train their employees who unlawfully seize and/or retain property without providing a mechanism under which an individual whose property was seized and/or retained could reclaim their property.

51. These longstanding customs, policies and practices constitute defendants' standard operating procedures.

52. These customs, policies and practices include, *inter alia*, an ongoing pattern and

practice of unlawfully seizing legally possessed property and retaining said property indefinitely without providing a reason why the property continues to be retained and without providing any mechanism for an individual to reclaim the property.

53. Defendants expressly encouraged, ratified and/or approved of the conduct alleged herein, and knew that such conduct was unjustified and would result in violations of Constitutional rights, including the violation of Plaintiff's constitutional rights.

## AS AND FOR A FOURTH CAUSE OF ACTION

### Conversion
### (As Against All Defendants)

54. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through "53" above as if fully set forth herein.

55. Defendants continue to retain possession of all of the property listed in **Exhibit A** annexed hereto without cause or legal authority and without a remedy for Plaintiff.

56. The fair and reasonable total value of the property remaining in defendants' possession is $100,000.00.

57. By reason of the foregoing, plaintiff has been damaged in the sum of $100,000.00 or an amount to be determined by a jury representing the value of the property remaining in defendant's possession.

## AS AND FOR A FIFTH CAUSE OF ACTION

### Replevin
### (As Against All Defendants)

58. Plaintiff repeats and re-alleges the allegations set forth in paragraphs "1" through

"57" above as if fully set forth herein.

59. Defendants took and retained plaintiff's property and continue to retain the property listed in **Exhibit A** annexed hereto.

60. The detention of plaintiff's property is wrongful.

61. Plaintiff demands compensation for his property that was taken and retained by Defendants.

62. Plaintiff has no adequate remedy at law.

63. By reason of the foregoing, Plaintiff is entitled to an order and judgment of replevin directing that defendants return to Plaintiff all of his property.

## PRAYERS FOR RELIEF

**WHEREFORE**, plaintiff requests the following relief:

A. First Cause of Action: One Million Dollars ($1,000,000) or an amount to be determined by a jury for actual damages and one million dollars ($1,000,000) or an amount to be determined by a jury for punitive damages;

B. Second Cause of Action: One Million Dollars ($1,000,000) or an amount to be determined by a jury for actual damages and one million dollars ($1,000,000) or an amount to be determined by a jury for punitive damages;

C. Third Cause of Action: One Million Dollars ($1,000,000) or an amount to be determined by a jury for actual damages and one million dollars ($1,000,000) or an amount to be determined by a jury for punitive damages;

D. Fourth Cause of Action: One Million Dollars ($1,000,000) or an amount to be determined by a jury for actual damages and one million dollars ($1,000,000) or an amount to be determined by a jury for punitive damages;

E.  Fifth Cause of Action: the return of all of Plaintiff's property currently in the Defendants' possession;

F.  Attorney's fees and costs pursuant to 42 U.S.C. § 1988, or in an amount this Court deems proper and appropriate;

G.  A declaratory judgment that Defendants willfully violated Plaintiff's rights secured by the United States Constitution, as alleged herein;

H.  An Order requiring Defendants to monitor the seizure of property and institute a post-deprivation due process hearing for individuals whose property has been seized when such individuals are not legally barred from possessing the subject property. An impartial hearing examiner or Judge shall preside over this hearing. This process will provide an aggrieved party with proper notice and an opportunity to a fair hearing to determine the legality of the seizure and detention of anyone's property.

I.  An Order granting such other legal and equitable relief as the Court deems just and proper.

## JURY TRIAL DEMANDED

Plaintiff hereby demands a trial by jury of all issues of fact.

Dated: Mount Sinai, New York
November 18, 2023

Yours, etc.,

_____
RAYMOND NEGRON, ESQ.
*Attorneys for Plaintiff Richard Weiss*
234 North Country Road
Mount Sinai, New York 11766
(631) 928-3244

11

# CERTIFICATION

State of New York    )
                     )ss:
County of Suffolk    )


Under Federal Rule of Civil Procedure 11, by signing below, I certify to the best of my knowledge, information, and belief that this complaint: (1) is not being presented for an improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation; (2) is supported by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law; (3) the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and (4) the complaint otherwise complies with the requirements of Rule 11.

The grounds of my belief as to all matters not stated upon my own knowledge are as follows: discussions, letters, and records of the Plaintiff and Defendants.

_____
Kevin J. Meyers

Sworn and Subscribed before me
this ___8___ day of November, 2023

_____
Notary Public

RAYMOND NEGRON
Notary Public, State of New York
No. 02NE6072165
Qualified In Suffolk County
Commission Expires April 1, 20 26

12

# Exhibit A

**Suffolk County Police Department**
**PROPERTY SECTION**

# LIST REPORT
List Name - New List

PAGE 3
DATE 09/10/2020
TIME 10:20:42 AM

| ITEM NO | VC# | CC# | QTY | STAT | NCIC CODE | DESCRIPTION | LAB # | LOCATION |
|---|---|---|---|---|---|---|---|---|
| 19007708 1 | | 19-0122709 | 1 | HOLD | WR KSI | kassnar squires bingham model 16 22 cal rifle, lab item 4 SER #: A191044 | 19830 | WEPS002B |
| 19007711 1 | | 19-0122709 | 1 | HOLD | WR BHT | bushmaster .223 cal model XM15-E2C Lab #5 SER #: BFI454361 | 19830 Ⓡ | WEPS002B |
| 19007713 1 | | 19-0122709 | 1 | HOLD | WR MOS | mossberg 22 cal rifle with pistol grip (lab item 6) SER #: ELE3398705 | 19830 Ⓡ | WEPS002C |
| 19007771 1 | | 19-0122709 | 1 | HOLD | YMAG | adventure line gray 30 round magazine SER #: CONT A | 19830 | C 002E |
| 19007771 2 | | 19-0122709 | 1 | HOLD | YMAG | adventure line gray 30 round magazine SER #: CONT A | 19830 | C 002E |
| 19007771 3 | | 19-0122709 | 1 | HOLD | YMAG | gray 30 round magazine SER #: CONT A | 19830 | C 002E |
| 19007771 4 | | 19-0122709 | 1 | HOLD | YMAG | black .308 cal magazine SER #: CONT A | 19830 | C 002E |
| 19007771 5 | | 19-0122709 | 1 | HOLD | YMAG | black .308 cal magazine SER #: CONT A | 19830 | C 002E |
| 19007771 6 | | 19-0122709 | 1 | HOLD | YMAG | black 9mm cal magazine SER #: CONT A | 19830 | C 002E |
| 19007771 7 | | 19-0122709 | 1 | HOLD | YMAG | para black 9mm cla magazine SER #: CONT A | 19830 | C 002E |
| 19007771 8 | | 19-0122709 | 1 | HOLD | YMAG | black 9mm cal magazine | 19830 | C 002E |

rLlist

Suffolk County Police Department
PROPERTY SECTION

# LIST REPORT
List Name - New List

PAGE 2
DATE 09/10/2020
TIME 10:20:42 AM

| ITEM NO | VC# | CC# | QTY | STAT | NCIC CODE | DESCRIPTION | LAB # | LOCATION |
|---|---|---|---|---|---|---|---|---|
| 19004938 | 1 | 19-0122709 | 1 | HOLD | WR | REM | remington model 522 22 cal rifle SER #: 3079544 scope and bipod attached SER #: MVP021848 | | LNGG010B |
| 19004939 | 1 | 19-0122709 | 1 | HOLD | WS | THM | thompson 308 winchester with scope SER #: U056298 | R | LNGG010C |
| 19004940 | 1 | 19-0122709 | 1 | HOLD | WR | REM | remington model 510, 22 cal bolt action rifle | R | LNGG008B |
| 19004941 | 1 | 19-0122709 | 1 | HOLD | WR | REM | remington model 770 30-06 rifle with scope SER #: M71927659 | R | LNGG007B |
| 19004942 | 1 | 19-0122709 | 1 | HOLD | WR | BRO | browning MK II rifle with scope 270 cal SER #: 311MW14750 | R | LNGG007B |
| 19004943 | 1 | 19-0122709 | 1 | HOLD | WR | THM | thompson black diamond 50 cal rifle SER #: 103002 | R | LNGG007B |
| 19004944 | 1 | 19-0122709 | 1 | HOLD | WR | SAV | savage arms model 11 308 winchester rifle SER #: J172474 | R | LNGG014C |
| 19004945 | 1 | 19-0122709 | 1 | HOLD | WS | MOS | mossberg thunder ranch 12 ga shotgun ( mossberg sticker) SER #: U685142 | R | LNGG014C |
| 19004946 | 1 | 19-0122709 | 1 | HOLD | WR | MAR | marlin model 60 22 cal rifle SER #: 0029492 | R | LNGG014C |

rList



Suffolk County Police Department
PROPERTY SECTION

# LIST REPORT
List Name - New List

PAGE 1
DATE 05/13/2019
TIME 09:26:14 AM

| ITEM NO | VC# | CC# | QTY | STAT | NCIC CODE | DESCRIPTION | LAB # | LOCATION |
|---|---|---|---|---|---|---|---|---|
| 18000022 1 | | 17-0699024 | 1 | TD | WPI | MAK | makarov KB1 9mm auto/no clip SER #: PM00884 | | WEPS003C |
| 18000022 2 | | 17-0699024 | 1 | TD | WPR | SW | sw 60 .38 cal rev SER #: ABR1839 | | WEPS003C |
| 18000022 3 | | 17-0699024 | 1 | TD | WPI | SW | sw 622 .22 cal auto no clip SER #: UBA2907 | | WEPS003C |
| 18000022 4 | | 17-0699024 | 1 | TD | WPI | BER | beretta tomcat .32 cal auto no clip SER #: DAA093763 | | WEPS003C |
| 18000022 5 | | 17-0699024 | 1 | TD | WPI | HS | high standard DM 101 22 cal other SER #: 1793238 | | WEPS003C |
| 18000022 6 | | 17-0699024 | 1 | TD | WPI | BER | beretta 84 380 cal auto no clip SER #: B26805Y | | WEPS003C |
| 18000022 7 | | 17-0699024 | 1 | TD | WPI | BER | sw 29-2 44 cal rev SER #: N857447 | | WEPS003C |
| 18000022 8 | | 17-0699024 | 1 | TD | WPR | SW | sw 29-3 44 cal rev SER #: AUH6901 | | WEPS003C |

**County Police Department**
**PROPERTY SECTION**

**LIST REPORT**
List Name - New List

PAGE 4
DATE 09/10/2020
TIME 10:20:42 AM

| ITEM NO | VC# | CC# | QTY | STAT | NCIC CODE | DESCRIPTION | LAB # | LOCATION |
|---|---|---|---|---|---|---|---|---|
| 19007771 9 | | 19-0122709 | 1 | HOLD | YMAG | white metal 9mm cal / 380 short 19830 magazine SER #: CONT A | | C 002E |
| 19007771 10 | | 19-0122709 | 1 | HOLD | YMAG | white metal 9mm cal / 380 short 19830 magazine SER #: CONT A | | C 002E |
| 19007771 11 | | 19-0122709 | 1 | HOLD | YMAG | white metal 9mm cal / 380 short 19830 magazine SER #: CONT A | | C 002E |
| 19007771 12 | | 19-0122709 | 1 | HOLD | YMAG | smith wesson white metal 9mm 19830 magazine SER #: CONT A | | C 002E |
| 19007771 13 | | 19-0122709 | 1 | HOLD | YMAG | smith wesson white metal 9mm 19830 magazine SER #: CONT A | | C 002E |
| 19007771 14 | | 19-0122709 | 1 | HOLD | YMAG | smith wesson white metal 9mm 19830 magazine SER #: CONT A | | C 002E |
| 19007771 15 | | 19-0122709 | 1 | HOLD | YMAG | smith wesson white metal 9mm 19830 magazine SER #: CONT A | | C 002E |
| 19007771 16 | | 19-0122709 | 1 | HOLD | YMAG | smith wesson white metal 9mm 19830 magazine SER #: CONT A | | C 002E |

rList

15

Plaintiff has more rifles and pistols than what are listed on the attached inventory sheets and intends to prove their existence and value at trial.

| Caliber/Gauge | Number of Rounds/Shells |
| --- | --- |
| .223 | 4,500 |
| 12g | 800 |
| 20g | 875 |
| .270wsm | 130 |
| .45 Colt | 50 |
| .45 Hollow | 250 |
| .45 Ball | 350 |
| .40 | 1,200 |
| .38 | 125 |
| 9mm Hollow | 150 |
| 9mm Ball | 300 |
| .38 Special | 125 |
| .22 | 3,500 |
| .410 | 200 |
| .32 | 50 |

*Docket Number: CV-23-8311*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

HON. , D.C.J. / HON. , M.J.

---

# KEVIN J. MEYERS,

*Plaintiff,*

-against-

# COUNTY OF SUFFOLK, SUFFOLK COUNTY DISTRICT ATTORNEY'S OFFICE, SUFFOLK COUNTY POLICE DEPARTMENT, ASSISTANT DISTRICT ATTORNEY MARY SKIBER and JOHN DOES 1-10,

*Defendants.*

---

*SUMMONS & COMPLAINT*

---

RAYMOND NEGRON, ESQ.
*Attorney for plaintiff*
234 North Country Road
Mount Sinai, New York 11766
(631) 928-3244
(631) 991-2005 (fax)
ffnegron@hotmail.com

13