UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------------------------x
KEVIN J. MEYERS,

               Plaintiff,

  -against-

COUNTY OF COUNTY, SUFFOLK
COUNTY DISTRICT ATTORNEY'S
OFFICE, SUFFOLK COUNTY POLICE
DEPARTMENT, ASSISTANT
DISTRICT ATTORNEY MARY
SKIBER and JOHN DOES 1-10 (DOE
defendants representing unidentified
members of the Suffolk County Police
Department involved with the seizure,
unlawful retention, and/or conversion of
plaintiff's property),

               Defendants.
---------------------------------------------------x

**MEMORANDUM AND ORDER**
Case No. 23-CV-08311 (FB) (SIL)

*Appearances:*
*For the Plaintiff*:
RAYMOND NEGRON,
234 North Country Road
Mount Sinai, NY 11766

*For Defendants*:
ARLENE S. ZWILLING
Assistant County Attorney
H. Lee Dennison Building
P.O. Box 6100
Hauppauge, NY 1178

**BLOCK, Senior District Judge:**

      Kevin Meyers ("Plaintiff") brought this § 1983 action to recover his firearms and ammunition that were seized incident to his arrest.  Defendants have moved to dismiss under Rule 12(b)(6).  For the following reasons, Defendants' motion is granted in part and denied in part.

**I.**

On a Rule 12(b)(6) motion, the Court assumes the complaint's factual allegations, but not legal conclusions, to be true. *See Pension Ben. Guar. Corp. ex rel. St. Vincent Cath. Med. Centers Ret. Plan v. Morgan Stanley Inv. Mgmt. Inc.*, 712 F.3d 705, 717 (2d Cir. 2013). To survive, the complaint must include enough facts to state a claim to relief that is facially plausible, *see Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007), i.e., the plaintiff must plead "factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009).

The Suffolk County Police Department ("SCPD") executed an arrest warrant for Plaintiff's son at Plaintiff's home on February 24, 2019. During the search, the SCPD arrested Plaintiff for possession of an unregistered rifle. They seized his remaining weapons — approximately eleven rifles, eight pistols, sixteen magazines, and twelve thousand rounds of ammunition. Plaintiff ultimately plead guilty to a misdemeanor for criminal possession of a weapon in the fourth degree. He was sentenced to three years of probation, during which he was prohibited from possessing a firearm.

Upon completion of his sentence on May 3, 2022, Plaintiff asked the SCPD to return his remaining weapons. The SCPD refused, so Plaintiff brought this

lawsuit. He brings claims for: (i) violation of Procedural Due Process pursuant to § 1983 ("Count One"); (ii) violation of his Fourth Amendment rights pursuant to § 1983 ("Count Two"); (iii) Constitutional violations pursuant to custom, policy and practice under *Monell* ("Count Three"); (iv) conversion ("Count Four"); and (v) replevin ("Count Five").

## II.

Defendants argue that Plaintiff's § 1983 claims are barred by the statute of limitations. They are correct with respect to Plaintiff's Fourth Amendment claim, which accrued when the SCPD seized his property.[1] *See, e.g.*, *Mallard v. Potenza*, No. 94-cv-223, 2007 WL 4198246, at *5 (E.D.N.Y. Nov. 21, 2007), *aff'd*, 376 F. App'x 132 (2d Cir. 2010). They are incorrect with respect to his Due Process claim, which accrued when he knew or had reason to know that he would be deprived of his property. *See Connolly v. McCall*, 254 F.3d 36, 41 (2d Cir. 2001) (§ 1983 Due Process claim accrues "when the plaintiff knows or has reason to know of the harm that he seeks to redress"). Namely, when the SCPD informed Plaintiff that it would not return his guns and ammunition. The Complaint

---

[1] Count Two is plead alternatively as a Second Amendment claim. However, Plaintiff makes no argument in his motion papers to distinguish the statute of limitations for a Second Amendment claim pursuant to §1983. Accordingly, the Court deems Plaintiff's alternative Second Amendment claim to be abandoned.

plausibly alleges that this did not take place until after the termination of his probation because he was prohibited from possessing a firearm as a condition of his sentence. Accordingly, his Due Process claim is timely.[2]

Plaintiff consents to the dismissal of his state law claims; accordingly, those claims are both dismissed.

## CONCLUSION

For the foregoing reasons, Defendants' motion to dismiss is GRANTED with respect to Counts Two, Four, and Five, it is DENIED with respect to Counts One and Three.

**SO ORDERED.**

                                                 /S/ Frederic Block
                                                 FREDERIC BLOCK
                                                 Senior United States District Judge

Brooklyn, New York
June 28, 2024

---

[2] Since Plaintiff's *Monell* claim is predicated on his Due Process claim, it too is timely. *See Pinaud v. Cty. of Suffolk*, 52 F.3d 1139, 1157 (2d Cir. 1995).